1

The Honorable J. Kelley Arnold

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

DIANN LAUREL HIEBERT, CLYDE MARK
MATTHEWS JR., individually and on behalf of
all persons similarly situated,

)
)
)

No. C06-5489 JKA

10

)

11

Plaintiffs,

)
)

PROTECTIVE ORDER

12

v.

)
)
)

13

WAL-MART STORES INCORPORATED, a
Delaware Corporation Licensed to do Business
in Washington State,

)
)
)

14

)

Defendant.

)
)

15

16

The Court finds that good cause exists for issuance of this Protective Order

17

("Order") to establish a procedure for use and/or disclosure of Confidential Information

18

and to govern the inadvertent production of Privileged Information, as those terms are

19

defined herein, and that entry of this Order is appropriate.

20

**THEREFORE, IT IS HEREBY ORDERED:**

21

Certain materials, information, Documents (as defined in paragraph 1 below) or

22

testimony ("Discovery Materials") produced or given by the parties in the course of pre-

23

trial discovery or used or produced at trial in this action will involve disclosure of

PROTECTIVE ORDER — 1
0031150-000125
DWT 2071546v1 0031150-000125

confidential, proprietary, financial, technical, scientific, personnel, and business information ("Confidential Information).  Moreover, despite the reasonable precautions taken by the parties, Confidential Information and/or documents protected by the attorney-client privilege, attorney work product or any other privilege ("Privileged Information") may be inadvertently disclosed. Accordingly, the parties agree that the following provisions shall govern disclosure and use of all such Discovery Materials containing Confidential Information and the return of inadvertently disclosed Privileged Information.

1.      As used herein, "Documents" shall include data (including electronic data) and any other material (and their contents) produced through discovery by the parties, as well as any portion of a transcript of a deposition or other proceeding, exhibit, affidavit, declaration, answers to interrogatories, or responses to request for admissions.

2.      Confidential Information may be found in, but not limited to, all or any of the following specifically designated "Confidential" Documents and the content thereof: (a) Documents, depositions or testimony, responses to written discovery, and any other information or material produced or otherwise made available to the parties in this action; (b) copies, extracts, reports, studies, notes, complete or partial summaries and other Documents or materials made or prepared from Confidential Information; and (c) transcripts, exhibits and other pleadings or writings that summarize or otherwise disclose Confidential Information.

3.      This Order covers Documents and/or information or material designated by the disclosing party or non-party (hereinafter, the "Source") as containing or consisting of Confidential Information.  Any Source may, in good faith, designate any such materials or portions thereof as being subject to the provisions of this Order by means of a stamp or

PROTECTIVE ORDER — 2
0031150-000125
DWT 2071546v1 0031150-000125

other designation on the Document of the word "Confidential." Such designation shall be limited to information or materials that the Source in good faith believes to constitute a trade secret, proprietary business information, private personnel information and/or data, and/or any information that implicates or may implicate the privacy rights of the Source and/or a third party, and that is not otherwise publicly available, except that the foregoing shall not apply to any Document that is in the public domain as a result of a violation of any duty, law or agreement.

4.      In designating materials, Documents or portions thereof as "Confidential," the Source shall mark every page and/or significant component, which contains Confidential Information with the appropriate "Confidential" stamp. Notwithstanding the foregoing sentence, a cover letter may be used to designate certain materials, such as computer data, where stamping would be impractical or impossible. Transcripts of deposition or other testimony shall be designated by reference to the page and lines being designated. Designation shall be made at the time such materials are produced or given, except that: (a) in the case of testimony upon deposition or hearing, such designations shall be made within twenty (20) business days after the transcript of such deposition or hearing is available; and (b) a reasonable extension of any applicable time period hereunder may be agreed to in writing among counsel for the respective parties. Designations may be withdrawn by the Source at any time.

5.      Unless otherwise ordered by the Court, any Document or material designated by any source as containing Confidential Information shall be safeguarded and shall not be disclosed by non-designating counsel, except, subject to the provision of this Order, to:

PROTECTIVE ORDER — 3
0031150-000125
DWT 2071546v1 0031150-000125

1        a.     the named Plaintiff,

2        b.     Defendant Wal-Mart Stores, Inc. including but not limited to their

3 counsel, including paralegals, clerical or other support staff or services and any officers,

4 directors, managers, supervisors or other employees with responsibilities related to the

5 subject matter of this litigation;

6        c.     counsel of record for the party to whom such Documents or

7 materials are produced or given, including co-counsel of record and the legal associates,

8 paralegals, clerical or other support staff or services of such counsel or co-counsel assigned

9 to assist such counsel in the preparation of this litigation;

10        d.     the Court, including any Court personnel, stenographers or other

11 persons involved in taking or transcribing court or deposition testimony in this action, and

12 members of the jury, provided that any Confidential Information submitted or filed with

13 the Court shall be placed under seal subject to release or inspection only by order of the

14 Court or consent of the party claiming confidentiality as to the particular material, except

15 that when possible, only confidential portions of filings with the Court shall be filed under

16 seal;

17        e.     any court reporter (including audio and video) involved in this

18 action;

19        f.     independent experts or consultants who have been consulted or

20 retained by counsel in this action to furnish technical or expert services or to give technical

21 or expert testimony in the trial of this action, provided that such expert or consultant signs

22 the Undertaking attached hereto as Exhibit A, acknowledging that he or she has read a

23 copy of this Order and agrees to be bound by its terms;

PROTECTIVE ORDER — 4
0031150-000125
DWT 2071546v1 0031150-000125

1    g.    copying imaging, computer services and/or litigation support

2  services provided that all Confidential Information and/or Documents, including copies

3  thereof whether in hard copy or electronic form, are retrieved by the furnishing party upon

4  completion of any such copying, imaging and computer services;

5    h.    special masters;

6    i.    the direct staff of persons designated in paragraphs 6(e), (f), (g) and

7  (h), subject to any conditions enumerated therein;

8    j.    any deposition witness, including putative class members, in

9  accordance with paragraph 8;

10    k.    any other Person upon written consent from counsel for the party

11  which produced or gave such Document(s), provided that such person signs the

12  Undertaking in the form attached hereto as <u>Exhibit A</u>, acknowledging that he or she has

13  ready a copy of this Order and agrees to be bound by its terms.

14    6.    Nothing in this Order shall prevent any party from producing any Document

15  or information in his, her or its possession in response to a lawful subpoena or other

16  compulsory process, provided that written notice shall be given to all other parties at least

17  ten (10) business days prior to the return date of the subpoena or other compulsory process

18  seeking discovery of the designated materials.

19    7.    Subject to the terms of this Order any party may utilize Confidential

20  Information in the course of a deposition provided that, prior to his or her examination, the

21  witness is furnished a copy of this Order and has executed the Undertaking attached hereto

22  as <u>Exhibit A</u>.  If a non-party refuses to the Undertaking, disclosure of such information to

23  the witness during the deposition shall not be a waiver of confidentiality and shall not

PROTECTIVE ORDER — 5
0031150-000125
DWT 2071546v1 0031150-000125

1   prevent examination of the witness on Documents or other information containing

2   Confidential Information.  Such witness shall not be allowed to retain copies of either the

3   Confidential Information or any portions of their deposition transcript containing

4   Confidential Information.  If disclosure of Confidential Information is opposed, nothing in

5   this Paragraph 7 shall preclude a party from continuing the deposition until the matter can

6   be raised before and ruled upon by the Court.

7          8.      The parties agree to take reasonable precautions to prevent disclosure of

8   Confidential Information without the "Confidential" designation provided for in this Order.

9   However, it is possible that inadvertent or mistaken disclosures will still be made, despite

10  all reasonable precautions.  If Documents containing Confidential Information are

11  inadvertently or mistakenly disclosed, the parties agree that the Source may request the

12  return of such Documents or materials within fifteen (15) business days after the discovery

13  of their inadvertent or mistaken disclosure to allow the designation of the Documents or

14  materials as Confidential Information consistent with the provisions of this Order.  If the

15  receiving party fails to return such Documents or materials, the Source may move the

16  Court for an Order compelling their return.

17         9.      If Confidential Information is made an exhibit to or the subject of

18  examination during a deposition or hearing, or is incorporated into a pleading or other

19  writing filed with the Court, arrangements shall be made (a) to bind separately said

20  exhibits, as well as confidential portions of the transcript or pleading and (b) to place them

21  in a sealed envelope appropriately marked.

22         10.     Nothing in this Order shall prevent:

23

PROTECTIVE ORDER — 6
0031150-000125
DWT 2071546v1 0031150-000125

1        a.      either party from using Documents designated as "Confidential," or

2 from referring to or reciting any information contained in such materials, in connection

3 with any hearing, motion, brief, or other proceeding in this action, provided the relevant

4 portions of the pleading or other paper in which the Confidential Information is embodied

5 shall be filed and maintained under seal by the Clerk of the Court until further order of the

6 Court, and shall not be available for public inspection. The party making the filing shall be

7 responsible for filing the pleading or other paper in a sealed envelope, with the words

8 "Confidential" stamped on the envelope and the following statement shall be printed on the

9 envelope: "This envelope contains Confidential Information which is subject to a

10 Protective Order and may not be examined or copied except in compliance with that

11 Order;"

12        b.      the use in open court, at any hearing or at trial of this case, of any

13 material that is subject to this Order or filed under seal pursuant to the provisions herein.

14 Any court hearing which refers to or describes Confidential Information shall, in the

15 Court's discretion, be held in camera. Any party desiring that hearings or any portion

16 thereof be held in camera, or that the trial or any portion thereof be conducted in camera,

17 may make a separate motion therefor.

18     11.     Nothing herein shall prevent a receiving party from challenging any

19 designation of a Document as "Confidential." The receiving party may file written notice

20 to the Source requesting withdrawal of the designation. The Source who designated the

21 material shall have fifteen (15) business days from the date on which the request was made

22 to respond. If the Source refuses to withdraw the designation or fails to respond to the

23 request within that time, the receiving party may apply to the Court for an order declaring

PROTECTIVE ORDER — 7
0031150-000125
DWT 2071546v1 0031150-000125

that the Document is not appropriately designated.  The burden of proof on any such application shall be consistent with the protection of Confidential Information under the applicable federal or state law.  Notwithstanding a challenge or application to the Court pursuant to this Paragraph 11, all Documents designated as "Confidential" shall be subject to this Order until the Source withdraws the designation or until the Court determines that the Document is not appropriately designated as "Confidential."

12.    Within ninety (90) days after the final determination of this action (i.e., after all appellate rights have been exhausted), all Documents designated as containing Confidential Information and all copies thereof shall, upon request, be returned to counsel for the Source who initially produced such Documents (unless previously permanently discarded, in which case, counsel for the receiving party shall certify in writing to counsel for the Source that such Documents have been permanently discarded), provided that copies may be kept by counsel of any pleading, brief or Document submitted to the Court, deposition and/or trial transcripts and exhibits thereto and correspondence subject to this Order.

13.    The parties further agree to take reasonable precautions to prevent the inadvertent or mistaken disclosure of Documents containing Privileged Information.  The parties further agree that "reasonable precautions" shall include, by way of example and not limitation, a multi-level review of documents for production, including searching for and gathering documents from offices, businesses and other locations where responsive information might be located and having lawyers or paralegals carefully review the documents for Privileged Information, redacting those portions of Documents where only a portion is protected and preparing detailed privilege logs reflecting any withheld material.

PROTECTIVE ORDER — 8
0031150-000125
DWT 2071546v1 0031150-000125

Despite all reasonable precautions, the parties recognize that inadvertent or mistaken disclosures of Privileged Information may still be made.  If Documents containing Privileged Information are inadvertently or mistakenly disclosed, the parties agree that the following procedure shall govern:

a.    The Source shall promptly advise the receiving party of the disclosure and shall recall any such inadvertently disclosed Documents by making a request of the receiving party for their return.

b.    If a receiving party becomes aware that a Source inadvertently or mistakenly disclosed Documents containing Privileged Information, the receiving party shall promptly advise the Source of the disclosure and return the Documents and any and all copies to the Source.

For purposes of this Paragraph 13, the Parties agree that all requests for, and the return of, inadvertently or mistakenly disclosed Documents shall be reasonably prompt if issued within fifteen (15) business days after the Source or receiving party learns of the inadvertent or mistaken disclosure.  If the receiving party fails to return such Documents or materials, the Source may move the Court for an Order compelling their return. Notwithstanding a motion to the Court, all Documents containing Privileged Information that are inadvertently or mistakenly disclosed shall be subject to this Order until the Source withdraws its request for their return or until the Court determines that the Document is not appropriately claimed as Privileged Information.

14.    This Order may be amended by written agreement between counsel for the parties, subject to approval of the Court, or may be modified by motion to the Court.

1         15.    This Order shall survive the termination of this litigation.  The Court shall

2    retain jurisdiction, even after the termination of this litigation, to enforce this Order.

3         Dated this 7th day of January, 2008.

4

5                              **/s/ J. Kelley Arnold**    
                                  U.S. Magistrate Judge

6

7    Davis Wright Tremaine LLP
     Attorneys for Defendants

8

9    By _____
         Michael J. Killeen, WSBA #7837

10       Amy H. Pannoni, WSBA #31824
         1201 Third Avenue, Suite 2200

11       Seattle, WA  98101-3045
         Telephone: (206) 622-3150

12       Fax: (206) 757-7700
         E-mail: mikekilleen@dwt.com

13       E-mail: amypannoni@dwt.com

14

15   Law Office of Thaddeus P. Martin
     Law Office of Griffin & Williams
     Attorneys for Plaintiff

16

17   By _____
         Thaddeus P. Martin, WSBA #28175

18       Karl L. Williams, WSBA #16919
         4002 Tacoma Mall Blvd., Suite 102

19       Tacoma, WA  98409
         Telephone: (253) 682-3420

20       Fax: (253) 682-0977
         E-mail: tmartin@thadlaw.com

21       E-mail: truth@prodigy.net

22

23

PROTECTIVE ORDER — 10
0031150-000125
DWT 2071546v1 0031150-000125

1

2                    **Exhibit A**

3

                    IN THE UNITED STATES DISTRICT COURT
4                  FOR THE WESTERN DISTRICT OF WASHINGTON
                              AT TACOMA
5

DIANN LAUREL HIEBERT, CLYDE MARK      )
6   MATTHEWS JR., individually and on behalf of )
all persons similarly situated,                )        No. C06-5489 JKA
7                                              )
                    Plaintiffs,                )
8                                              )
        v.                                     )
9                                              )
WAL-MART STORES INCORPORATED, a     )
10  Delaware Corporation Licensed to do Business )
in Washington State,                           )
11                                             )
                    Defendant.                 )
12  _____ )

                    **UNDERTAKING OF** _____
13  _____

14      I, _____, declare as follows:

15      1.      My address is _____.

16      2.      My present employer and the address of my present employer (if different

17  from above) are _____.

18      3.      I have received a copy of the Protective Order in the above-captioned

19  action.

20      4.      Having carefully read and understood the provisions of the Protective

21  Order, I agree to be bound by its terms.

22      5.      I will hold in confidence and not disclose to anyone not qualified under the

23  Protective Order, and will use only for purposes of this action, any Documents designated

PROTECTIVE ORDER — 11
0031150-000125
DWT 2071546v1 0031150-000125

as "Confidential," as set forth in the Protective Order, which are disclosed to me.  I will maintain any such information in a safe and secure place.

6.    I will return all Documents designated as "Confidential" which come into my possession and Documents or things I have prepared relating thereto, to counsel of the party that provided such materials to me.  I acknowledge that such return shall not relieve me from any continuing obligation imposed on me by the Protective Order.

7.    I agree to submit to the jurisdiction of a court located in the state of _____, for purposes of enforcement of this Undertaking.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this ___ day of _____, 20__.

_____
Signature

_____
Print Name

_____
Witness

PROTECTIVE ORDER — 12
0031150-000125
DWT 2071546v1 0031150-000125